CLD-155                                                                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4072
_____

THURMAN MEARIN,
                                        Appellant

v.

SUPERINTENDENT GREENE SCI, ROBERT B.
MACINTYRE; SUSAN COWAN; ROBERT DIETZ;
MIKE IVAN; MAJOR LORINDA WINFIELD; LT. E.
GREGO; LT. ROBERT L. KENNEDY; LT. S.P. DURCO;
WALLACE DITTSWORTH; CARLA SWARTZ;
PAUL PALYA; DORINA VARNER; M. DIALESANDOR;
DR. YANAKS; DAN DAVIS; SGT. YOUNKIN; COL.
WILCHER; COL. MARTAIN; COL. GIFFORD; COL.
MOORE; COL. HARKLEROAD; LT. D. MITCHELL;
COL. W. SHAWLEY; COL. KNIGHT; COL. BARCHIESI;
PETE VIDONISH; F.NUNEZ; COL. A. SHAWLEY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 2-11-cv-00571)
District Judge: Nora B. Fischer
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 16, 2014

Before: FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 28, 2014 )
_____

OPINION

_____

PER CURIAM

Appellant Thurman Mearin, a state prisoner, appeals from an order of the District Court granting summary judgment to the defendants. For the reasons that follow, we will summarily affirm.

Mearin, an inmate at the State Correctional Institution in Greene, Pennsylvania ("SCI-Greene"), filed a civil rights action, 42 U.S.C. § 1983, against numerous correctional defendants, alleging several violations of his constitutional rights. In the main, Mearin claimed that the defendants were engaging in a campaign of harassment in retaliation for his having filed lawsuits and grievances. Discovery ensued, and the defendants deposed Mearin. Following the close of discovery, the defendants moved for summary judgment, Fed. R. Civ. Pro. 56(a). After Mearin submitted his brief in opposition to summary judgment, the Magistrate Judge recommended that summary judgment be awarded to the defendants. With respect to Mearin's overarching claim that he was being retaliated against in numerous ways for exercising his First Amendment rights, the Magistrate Judge concluded that there was no genuine issue of material fact with respect to whether there was a causal connection between the exercise of Mearin's constitutional rights and the alleged adverse actions. The Magistrate Judge, citing Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007), specifically noted that there was no temporal proximity between Mearin's protected activity and the alleged adverse actions taken by certain specific defendants, and thus no suggestion of a

2

retaliatory motive. Mearin then submitted objections to the Report and Recommendation, in which he discussed his claims that the defendants had attempted to starve him while he was in disciplinary custody, in violation of the Eighth Amendment; that he was deprived of his right to call a witness and to make use of a security videotape in defense of a false misconduct charge, in violation of procedural due process; that he had been improperly deprived of "Z," or single cell, status; and that his prison records had been falsified to keep him in "H," or high-security status. In an order entered on September 23, 2013, the District Court awarded summary judgment to the defendants, adopting the Magistrate Judge's Report and Recommendation as the opinion of the Court.

Mearin appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. Mearin has moved for appointment of counsel on appeal.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. Summary judgment is proper where the summary judgment record "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A genuine issue of material fact is one that could change the outcome of the litigation. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving parties have the initial burden of identifying evidence that they believe shows an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Moreover, we are required to view the facts in the light most

3

favorable to the non-moving party, and make all reasonable inferences in his favor. See Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994). Ultimately, however, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

As an initial matter, we agree with the Magistrate Judge that there was no evidence to show that Mearin's protected activity was a substantial or motivating factor in any of the alleged "adverse" actions taken by the defendants (which included falsifying his records and issuing false misconducts, among other things). See Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001). There was no evidence whatever in the summary judgment record of a causal connection between the defendants' various decisions and Mearin's prior lawsuits. See DeFlaminis, 480 F.3d at 267 (to establish causal connection, plaintiff must prove either a suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or a pattern of antagonism coupled with timing to establish a causal link).

Independent of his claim of retaliation, Mearin claimed that the defendants starved him as a form of punishment, while he was in disciplinary custody, by serving him only half portions of the institution's 2579-2700 calorie diet. As a result, he lost 18 pounds from approximately February 19, 2010 to May 4, 2010. Several inmates submitted statements corroborating Mearin's claim of inadequate food for those in disciplinary custody. Correctional officials who are deliberately indifferent to the basic human needs of inmates violate the Eighth Amendment's prohibition against cruel and unusual

4

punishment. Estelle v. Gamble, 429 U.S. 97, 103 (1976). They are liable in a civil rights action if they deprive an inmate of life's basic necessities, such as food, clothing, and shelter. Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). In moving for summary judgment, the defendants flatly denied that inmates in disciplinary custody, including Mearin, are deprived of half the calories the institution normally provides to the general population. Moreover, the defendants asserted that the meals they offer to inmates in disciplinary custody are nutritionally adequate.

We have reviewed the summary judgment record, and even considered those exhibits Mearin submitted with his objections to the Magistrate Judge's report. Mearin is over six feet tall, and he weighed 179.5 lbs. on October 16, 2008. At that time, he was receiving a snack bag along with his evening medication. We note that, in arguing for single-cell status, Mearin disclosed that he is HIV+ and suffers from hepatitis C. On April 15, 2009, Mearin weighed 182 lbs. On April 27, 2010, Mearin weighed only 160 lbs. Accordingly, the summary judgment record shows that he suffered a weight loss. But, by his own admission, prison officials responded to his weight loss; Mearin was seen by a physician who responded to his condition by ordering an enhanced snack bag, which provided an additional 900-1000 calories daily to Mearin's prison diet. By May 6, 2011, Mearin's weight was back up to 183 lbs.

The Magistrate Judge reasoned, and we agree, that there was thus no triable Eighth Amendment issue because no evidence showed that the defendants acted with a sufficiently culpable state of mind, that is, with deliberate indifference to Mearin's basic needs. The summary judgment record shows that Mearin suffers from debilitating

5

illnesses and that his arguably precipitous weight loss was evaluated by prison staff and properly treated. His allegation that his weight loss should be blamed on the defendants retaliatory desire to starve him is not supported by any evidence in the summary judgment record, and thus the defendants were entitled to summary judgment, Fed. R. Civ. Pro. 56(e)(3). It is certainly true, as Mearin argues, that credibility determinations on material issues cannot be made in the context of a motion for summary judgment, see Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., Inc., 998 F.2d 1224, 1230 (3d Cir. 1993). Moreover, fellow inmates stated, in support of Mearin's claim, that the amount of food they receive in disciplinary custody is very small or half of what the general population receives, although they did not state that they too had lost weight. But, in opposing summary judgment, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586. Here, even with the inmate's affidavits, a jury would have had an insufficient evidentiary basis from which to find that the defendants were deliberately starving Mearin because his weight loss does not indicate that he was starving. In addition, he suffers from a chronic illness, and he offered no medical evidence to show that his weight loss was caused by the prison diet and was not instead a result of a disease process. Anderson, 477 U.S. at 249 (plaintiff cannot rest on his allegations without any significant probative evidence tending to support his claim).

Turning to Mearin's remaining claims, he alleged that he was not allowed to call his witness at one of his misconduct hearings, and that he was entitled to review a security videotape which he believes would have exonerated him of the charge against

6

him. As explained by the Magistrate Judge, an inmate's procedural due process rights, including his right to call a witness, see Wolff v. McDonnell, 418 U.S. 539, 556 (1974), are only triggered where the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," Sandin v. Conner, 515 U.S. 472, 484 (1995). Mearin's disciplinary confinement of 90 days on one occasion and 60 days on another did not constitute an atypical and significant hardship. Therefore, his liberty interests were not implicated and his right to the procedures set forth in Wolff was not triggered.

Mearin also raised two claims concerning his custody status. He claimed that, because he suffers from two different infectious diseases, and because an infectious disease is a basis for a single cell under the prison's own policy, the defendants violated his constitutional rights by failing to give him "Z" or single cell status. He claimed that he once had "Z" status and that the defendants altered his institutional records to conceal that fact. Mearin also claimed that the defendants falsified his institutional records to reflect that his escape conviction was more recent than it really is, and thus no legitimate (in his opinion) reason to subject him to "H" or level 4 security status. The defendants were entitled to summary judgment on these claims. The Supreme Court has held that the Fourteenth Amendment does not give a prisoner a liberty interest in a particular housing location or custody level while under the jurisdiction of correctional authorities. Meachum v. Fano, U.S. 215, 224-25 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Olim v. Wakinekona, 461 U.S. 238 (1983). With respect to Mearin's specific health issues, the summary judgment record establishes that, although the defendants

7

could have given Mearin a single cell under the existing policy, they carefully reviewed his positive institutional history[1] and determined that there was no need to place him in a single cell even though he is HIV+ and suffers from hepatitis C. There was thus no evidence that they were deliberately indifferent to his serious medical needs. See White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

For the foregoing reasons, we will summarily affirm the order of the District Court granting summary judgment to the defendants. Mearin's motion for appointment of counsel is denied.

---

[1] Mearin does not deny that he has lived with cellmates without any noteworthy issues for a significant period of time.